**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**RUBY BUCK,**                                                                           **PETITIONER**

**v.**                                                                 **CAUSE NO. 4:01CR052-P**

**UNITED STATES OF AMERICA,**                                        **RESPONDENT**

**OPINION**

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner files this action pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence.

**BACKGROUND**

On April 26, 2001, a federal grand jury sitting in the Northern District of Mississippi returned a sixteen count Indictment charging defendant Ruby Buck with one count of knowing and intentional misapplication of more than $5,000 of federal grant funds by an agent of an organization which received federal program grant benefits in excess of $10,000 during each of several one year periods, in violation of Section 666 (a) (1) (A) of Title 18 of the United States Code (Count One); fourteen counts of knowingly falsifying, concealing and covering up by trick, scheme and devise material facts and making and using false documents, knowing the same to contain materially false, fictitious and fraudulent statements and entries, in a matter within the jurisdiction of an agency of the executive branch of the United States Government, in violation of Section 1001 (a) of Title 18 of the United States Code (Counts Two through Fifteen); and one count of knowing misapplication of Workforce Investment Act funds in an amount greater than $1,000, in violation of Section 665 (a) of Title 18 of the United States Code (Count 16). Defendant Ruby Buck was arraigned on the Indictment on May 8, 2001, and entered pleas of not guilty to all counts.

Prior to trial, Count Sixteen of the Indictment was dismissed without prejudice. The case proceeded to trial on August 15, 2001, in Oxford, Mississippi, on Counts One through Fifteen of the Indictment. On August 24, 2001, the jury returned its verdicts finding defendant Ruby Buck guilty as to Counts One through Fifteen of the Indictment.

On January 4, 2002, defendant Ruby Buck was sentenced to a term of imprisonment of 41 months on each of Counts One through Fifteen, such terms to be served concurrently, followed by a term of supervised release of 3 years, and was ordered to pay restitution in the amount of $116,751.67 and special assessments of $1,500.

Ruby Buck appealed the guilty verdicts, and her ensuing sentence, to the United States Court of Appeals For the Fifth Circuit. The Court upheld her conviction and sentence on March 17, 2003, affirming in part and dismissing in part for lack of jurisdiction. *United States v. Buck*, 324 F.3d 786 (5th Cir. 2003).

Buck now brings this motion to set aside, vacate or correct her sentence under 28 U.S.C. §2255, alleging ineffective assistance of counsel in her defense.

## ASSISTANCE OF COUNSEL

The defendant has alleged seven instances of ineffective assistance of counsel. To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* test applies to retained counsel as well as appointed counsel. *See Bonvillain v. Blackburn*, 780 F.2d 1248 (5th Cir. 1986); *Murry v. Maggio*, 736 F.2d 279 (5th Cir. 1984). In *Strickland*, the Supreme Court held that before post-conviction relief can be granted for ineffective assistance of counsel, the petitioner must establish: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonable professional service; and

(2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different. *Strickland*, 466 U.S. at 687, 688; *see also Sawyer v. Butler*, 848 F.2d 582 (5th Cir. 1988) (*superseded on other grounds*, *Sawyer v. Butler*, 881 F.2d 1272 (5th Cir. 1989)); *Lavernia v. Lynaugh*, 845 F.2d 493 (5th Cir. 1988); *Bridge v. Lynaugh*, 838 F.2d 770 (5th Cir. 1988); *Thomas v. Lynaugh*, 812 F.2d 225 (5th Cir. 1987); *Martin v. McCotter*, 796 F.2d 813 (5th Cir. 1986). Thus, both a deficiency and resulting prejudice must be shown.[1] *United States v. Lewis*, 786 F.2d 1278, 1281 (5th Cir. 1986). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986).

Under the deficiency prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687; *see also Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). However, the Fifth Circuit has noted the following:

> In determining whether counsel's performance satisfies the requirements of the Sixth Amendment, we must inquire whether, considering all the circumstances, counsel's performance was reasonable under prevailing professional norms. Judicial scrutiny of counsel's performance must be highly deferential; we must make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time. [Lavernia v. Lynaugh, 845 F.2d 493, 498 (5th Cir. 1988)].

In applying the first *Strickland* criterion, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional competence, or that, under the circumstances, the challenged action might be considered sound trial strategy. *Bridge*

---

[1] However, there are circumstances where prejudice can be presumed. *See United States v. Cronic*, 466 U.S. 648, 659 (1984); *Woodard v. Collins*, 898 F.2d 1027, 1028 (5th Cir. 1990).

*v. Lynaugh*, 838 F.2d at 773; (quoting *Strickland v. Washington*, 466 U.S. at 689). Finally, counsel is given great deference with a strong presumption that counsel has exercised reasonable professional judgment. *Martin v. McCotter*, 796 F.2d 816, 817 (5th Cir. 1986).

**A.  Trial counsel was ineffective for failing to demonstrate familiarity and understanding of the evidence presented by the government at to the elements: concealment, falsification, or cover up by trick, scheme, or device of a material fact, under 18 U.S.C. §1001.**

Petitioner argues that defense counsel failed to introduce evidence to prove the petitioner did not conceal the fact that AmeriCorps members were located at MACE. Defense counsel did in fact offer evidence in an attempt to show the petitioner did not conceal this information: personnel action sheets were admitted into evidence, time sheets and the personnel action sheets were discussed during the cross-examination of the petitioner, reports to the MACE board and monthly work plan reports were discussed during the petitioner's direct exam, and testimony was elicited from the chairman of MACE's board and its treasurer regarding the policies and procedures for fund transfers and check requests. Petitioner fails to point out that the MACE board chairman testified that he had no knowledge of the misapplication of AmeriCorps funds and the fact that he would have disapproved such misapplication had he known of it. Petitioner also fails to note that defense counsel did elicit testimony as to Buck's alleged "good faith" and "notification" defenses in order to negate the elements of concealment.

Furthermore, petitioner argues that defense counsel failed to elicit relevant information from Pam Moore. Pam Moore was in fact examined by defense counsel regarding the AmeriCorps program and approved member activities. Unfortunately for petitioner, much of the testimony was based on conversations and was correctly excluded under Fed. R. Evid. 801 (2003) as hearsay.

Finally, petitioner argues that defense counsel did not interview any of the 14 witnesses against her. Petitioner has failed to show the court any proof of this allegation. Furthermore, petitioner has not shown what evidence would have been obtained in such interviews and how that information would have been beneficial to her case.

The petitioner has failed to show a deficiency in her counsel's representation, or any prejudice as a result of the alleged deficiencies. For these reasons, this claim is without merit and shall be denied.

**B.     Defense counsel failed to demonstrate an understanding and familiarity with the evidence presented by the government in as much as it did not meet the elements of the charge offense: Whosoever embezzles, steals, obtains by fraud, or without authority, knowingly converts to the use of any person other than the rightful owner or intentionally misapplies property valued at $5,000 or more.**

Petitioner first asserts that defense counsel failed to raise the defenses that she operated in good faith or a reasonable belief that her actions were justified, and that she had obtained board approval. Defense counsel elicited testimony that petitioner did not knowingly and intentionally misapply funds. The Fifth Circuit has held that a specific instruction of "good faith" is unnecessary where definition of the terms "knowingly" and "willfully" were given to the jury. *United States v. Davis*, 132 F.3d 1092, 1904 (5th Cir. 1998). Thus, since the jury was instructed on "knowingly" and "willfully", the petitioner's defense of "good faith" was effectively submitted to the jury.

Petitioner further argues that she had the consent and/or approval of the MACE board, and thus had authority to act as she did. This argument is without merit, as Thomas Randle, the chairman of the MACE board, testified that the Board of Directors entrusted the petitioner with the operation of MACE and gave her great discretion to operate the organization as she saw fit. Randle also testified that the Board had no knowledge of the misapplication of the AmeriCorps

funds. Thus, the petitioner's defense of board approval was submitted to the jury.

Petitioner also alleges that defense counsel did not challenge the $5,000 threshold required by 18 U.S.C. §666. Petitioner apparently misunderstands the statute, and reads it to require each employee to have been paid with misapplied funds in access of $5,000 each. All that is actually required is the misapplication of $5,000 of an organization which receives, in one year, federal funds in excess of $10,000. See 18 U.S.C. §666. Evidence introduced at trial clearly establishes that the petitioner misapplied more than $5,000 and therefore violated §666. Furthermore, petitioner admitted to the elements of §666 offense in her cross examination.

Finally, petitioner argues that her conduct is exempted by the 18 U.S.C. §666 language of "bona fide salary...in the usual course of business." Petitioner's argument fails because the misapplied funds were not used to pay bona fide salaries; rather, the misapplied funds were used to supplement her employees' wages outside the ordinary course of business of MACE.

The petitioner has failed to establish a deficiency of representation or resultant prejudice as required by *Strickland*. For these reasons, the claim is without merit and shall be denied.

**C.     Defense counsel failed to demonstrate an understanding and familiarity of the guidelines governing "Relevant Conduct" wherein the issue of "unrelated common scheme" was argued as opposed to a more reasonable approach that the alleged offense was not criminal in nature.**

Petitioner claims that her conduct of transferring and using Department of Labor funds for MACE purposes outside the scope of the Welfare to Work Program was not criminal. She bases her argument on the alleged non-criminal nature of the conduct and the fact that she had board authorization for the conduct. Neither of these arguments supports the petitioner's claim. Willie Harris, a U.S. Department of Labor grant management specialist, testified that any use of the DOL grant funds for purposes unrelated to those specified in the DOL grant is a gross

misapplication of funds. Therefore, the petitioner's conduct was criminal in nature. As for the petitioner's board consent argument, it is clear that the board did not know of this conduct and would not have approved it had they been aware it

Furthermore, assuming petitioner's counsel was deficient, petitioner is unable to establish that she was prejudiced by such deficiency. Had the DOL funds not been considered relevant conduct, the offense level would have been 20, calling for a sentence of 33 to 41 months. Since petitioner's sentence of 41 months falls within this range, she is unable to establish the prejudice element of the *Strickland* test. Since neither prong of the *Strickland* test has been met, this claim is without merit and shall be denied.

**D.** **Defense counsel failed to investigate and introduce into evidence an independent examination of the facts and circumstances regarding eligible program activities.**

Petitioner's claim focuses mainly on defense counsel's decision not to interview Congressional Hunger Center staff and MACE employees who were being paid with AmeriCorps funds but not performing AmeriCorps duties. Defense counsel was given a detailed description of member activities by the petitioner prior to trial, and was aware of the activities approved by AmeriCorps. Therefore, defense counsel's decision not to interview the MACE employees and the Congressional Hunger Center staff appears to have been a strategic decision, as the information was already disclosed by the petitioner. Under the circumstances of this case, defense counsel's decision not to conduct certain interviews does not amount to ineffective assistance of counsel.

Petitioner also asserts that defense counsel did not investigate and present evidence that Fannie Woods coordinated the AmeriCorps programs and directly supervised the AmeriCorps members in the process. Defense counsel did, in fact, establish that Fannie Woods was in charge

of the day-to-day operations of the AmeriCorps activities. Therefore, petitioner's assertion is unfounded and does not establish the necessary *Strickland* elements for ineffective assistance of counsel. Without a showing of deficiency and prejudice, this claim is without merit and shall be denied.

E.     **Defense counsel failed to demonstrate familiarity with the guideline as it related to the issue of "minimum planning."**

Petitioner's main argument under this claim is that defense counsel failed to understand and familiarize themselves with the sentencing guidelines, and consequently failed to offer a reasonable rebuttal to the presentence investigation. This argument is without merit, as defense counsel did contest the "more than minimal planning" adjustment in the Presentence Investigation Report. Furthermore, defense counsel elicited testimony from Fannie Woods in an attempt to establish the petitioner's conduct as common practice in an effort to negate the "more than minimal planning" adjustment. Since the petitioner has failed to show that defense counsel was deficient, this claim is without merit and shall be denied.

F.     **Defense counsel failed to offer jury instructions which accurately reflected the principles of law applicable to factual issues.**

As noted above, a specific instruction of "good faith" is unnecessary where the definition of the terms "knowingly" and "willfully" were given to the jury. *United States v. Davis*, 132 F.3d 1092, 1094 (5th Cir. 1998). Petitioner testified that she did not knowingly and intentionally misapply any AmeriCorps funds. Considering the rule set forth in *Davis*, the testimony of the petitioner, and the intent instruction given to the jury, the "good faith" instruction was effectively presented to the jury. Therefore, defense counsel did not act in a deficient matter. Furthermore, even if the court were to find defense counsels' actions deficient, the petitioner has failed to prove how such deficiency has prejudiced her. Without a showing of deficiency and prejudice,

this claim is without merit and shall be denied.

**G.	Defense counsel failed to investigate and present rebuttal evidence of loss calculation contained in PSI.**

Petitioner's claim is based on her allegation that MACE was owed funds by the Department of Labor for expenses related to the Welfare to Work Program, and that defense counsel failed to introduce this fact at trial. Defense counsel did attempt to introduce this evidence at trial, but Willie Harris, a DOL grant management specialist, testified that he was unaware of any such outstanding fund reimbursement. Therefore, evidence was put forth in an attempt to reduce the loss calculation in the Presentence Investigation. Consequently, petitioner has failed to show defense counsel was deficient. Furthermore, petitioner has not shown how she was prejudiced by this alleged deficiency. As such, this claim is without merit and shall be denied.

Thus, having carefully considered petitioner's motion to vacate, set aside, or correct her sentence under 28 U.S.C. Section 2255, the Court finds that petitioner has stated no grounds warranting relief. An appropriate final judgment will issue.

This the 24th day of February 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE